IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EARL L. CLINE II, an individual, JANET CLINE, an individual<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>State of Utah, et. al.,<br><br>　　　　　　　Defendants, | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br>Case No. 2:19-CV-602 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss by Defendants State of Utah, Utah Department of Human Services, Diane Moore, Cydney Vail, and Utah Attorney General Sean D. Reyes, ("State Defendants"). For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiff Earl Cline is a party to an ongoing divorce case that began in April 2002. In October 2002, a Utah court entered two bifurcated divorce decrees and two years later entered an amended decree of divorce. Defendant Julie McPhie obtained a protective order in 2003 that prohibited Mr. Cline from contacting McPhie. Sometime in 2003 or 2004, Mr. Cline was held in contempt of court for failure to abide by various court orders because he believed the court's orders were illegal.

In 2004, Mr. Cline filed a complaint in Utah's Third District Court under 42 U.S.C. §§ 1983, 1985, and 1986 claiming that his constitutional rights had been violated by the Division of Child and Family Services ("DCFS") and a DCFS caseworker. Mr. Cline alleged that the DCFS case worker gave false testimony to the court about Mr. Cline allegedly abusing his children, but that case was dismissed on sovereign immunity grounds. Afterwards, Mr. Cline filed suit in this

Court for a temporary restraining order that would restrict the Third Judicial District Court for the State of Utah from holding Mr. Cline in contempt for failure to pay child support.[1] That case was dismissed under *Rooker-Feldman* and *Younger* abstention.

On or about September 2, 2019, Mr. Cline sent a letter to Julie McPhie giving her ten days to have Utah's Office of Recovery Services ("ORS") drop back child support and to dismiss the protective order. Mr. Cline threatened to sue McPhie in federal court if she did not comply. The State of Utah filed charges against Mr. Cline for violating the protective order when he contacted McPhie. That case is currently ongoing.

## II. STANDARD OF REVIEW

State Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction. When a facial attack of the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint, the court applies the same standards as one made pursuant to Rule 12(b)(6).[2]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[3]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-

---

[1] *See Cline v. Utah*, 2:04-CV-1887 DAK, 2005 WL 8177240, at *1 (D. Utah Mar. 18, 2005).

[2] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

harmed-me accusation."[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]  As the *Iqbal* Court stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

## III. DISCUSSION

The Clines are proceeding pro se and thus the Court "must liberally construe [the] allegations and overlook deficiencies in [Plaintiff's] case . . . ."[9] This means that "if the [C]ourt can reasonably read the pleadings to state a valid claim on which the plaintiff[s] could prevail, it should do so despite the [their] failure to cite proper legal authority, [their] confusion over various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements."[10] The Court has no obligation, however, to advocate on plaintiffs' behalf.[11]

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[9] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

A liberal reading of Plaintiffs' complaint reveals that the Clines' bring three claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for violations of various Constitutional Amendments. The State Defendants contend that these claims fail because: (1) jurisdiction resides in Utah's state courts; (2) the Eleventh Amendment prohibits suits against the state and state actors; and (3) the Clines make no allegations regarding Defendant Reyes.

1. Jurisdiction Resides in Utah's Courts

A. *Rooker-Feldman Doctrine*

"The *Rooker-Feldman* doctrine prevents lower courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"[12] This doctrine extends to claims that are "inextricably intertwined" with state-court judgments unless they consist of a "general constitutional challenge" where the state court did not rule on the constitutionality issue, or a party challenges state procedures for enforcement of a judgment where consideration of the state-court decision is not required.[13]

Here, the Clines' first claim is for this Court to order ORS to adjust Mr. Cline's child support to reflect change in physical custody.[14] This request is inextricably intertwined with the state-court judgment because the Clines are essentially asking this Court to interpret and enforce the state court order. This request is barred by the *Rooker-Feldman* doctrine, and jurisdiction to modify the order rests with the state court that issued the order or with state appellate courts to

---

[12] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[13] *See Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).

[14] *See* Docket No. 1-3 ¶ 53.

challenge it. The Clines' second claim challenges a court-issued protective order. For substantially the same reasons, that claim is also barred by the *Rooker-Feldman* doctrine.

The Clines' third claim challenges certain findings by Utah's Department of Child Protective Services ("CPS") and DCFS. The Clines allege that the State of Utah and DCFS failed to follow a court order and remove Mr. Cline from a child abuse database.[15] Again, the Clines improperly challenge the execution of a Utah court order in this Court. Jurisdiction rests with the court that issued the alleged order.

Underlying each of these claims is the Clines' assertion that they cannot get a fair trial in the State of Utah.[16]  The Clines support this assertion with allegations of bribery of judicial officers, fraud by DCFS personal, and other judicial misconduct.[17] Even under a liberal reading, the Clines' allegations against the State Defendants are conclusory. The Clines mistake state actions they disagree with as fraud, misconduct, and bribery and speculate that the only reasonable explanation for unfavorable decision-making is malfeasance. This Court finds, as it did in Mr. Cline's prior case, that it "has no doubt that plaintiffs' constitutional rights will be adequately safeguarded by the state court and that the state court can adequately resolve any federal question presented to it."[18]

---

[15] *See id.* ¶ 82; Docket No. 35, at 11 ("[t]he issue here is [that]the State of Utah and or DCFS who [sic] blatantly failed to follow the Court order and remove Mr. Cline from their database as having been convicted of abuse.").

[16] *See, e.g.*, Docket No. 1-3 ¶ 15; Docket No. 35, at 11.

[17] *See, e.g.,* Docket No. 35, at 11.

[18] *See Cline*, 2:04-CV-1187 DAK, 2005 WL 8177240, at *3.

B. *Younger* Abstention Doctrine

The *Younger* abstention doctrine prevents federal courts from interfering with state court proceedings by granting equitable relief when the state court is an adequate avenue for relief.[19] The Court must abstain if:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[20]

This doctrine is non-discretionary and the Court must dismiss if the conditions are met, "absent extraordinary circumstances."[21]

Here, there is an ongoing state court proceeding arising from the Utah court's protective order. The Clines attempt to downplay this by stating that there is not an ongoing proceeding "except for the very recent protective order violation . . . ."[22] This "very recent protective order violation" is a proceeding within *Younger*'s scope and is sufficient to satisfy factor one. As discussed above, the Court finds that Utah's state court is an adequate forum to resolve this issue and there is no reason to assume it will not fairly adjudicate the Clines' case. Utah's courts issued the protective order and are in the best position to enforce, modify, or revoke it. Finally, the issues before this Court arise out of family law. Supreme Court precedent has long recognized that matters of domestic relations are "regarded as a virtually exclusive province of

---

[19] *See Weitzel v. Div. of Occupational and Prof'l Licensing of the Dep't of Commerce of the State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001).

[20] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted).

[21] *Weitzel*, 240 F.3d at 875.

[22] *See* Docket No. 35, at 12.

the States."[23] As such, this case is best resolved through state court proceedings. *Younger*'s three

factors favor dismissal.

2. Eleventh Amendment Immunity

"[T]he Eleventh Amendment has been interpreted to bar suit by a citizen against the

citizen's own State in Federal Court."[24] This bar extends to state agencies and applies whether

the relief sought is legal or equitable.[25] The Eleventh Amendment, however, does not bar suit

brought to prospectively enjoin state officials from violating federal law.[26] States are free to

waive sovereign immunity, but intent to do so "must be unequivocally expressed."[27] Likewise,

Congress may abrogate Eleventh Amendment immunity through legislation if there is "an

unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed

immunity of the several States'"[28]

42 U.S.C. § 1983 authorizes citizens to bring suit in federal court despite the Eleventh

Amendment's sovereign immunity protections. To properly bring a Section 1983 claim, "a

plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color

of state law."[29] Case law makes clear that neither the state, nor governmental entities that are an

---

[23] *United States v. Winsor*, 570 U.S. 744, 745 (2013) (quoting *Sosna v. Iowa*, 419 U.S. 393, 404 (1975)).

[24] *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal quotation marks omitted).

[25] *Id.*

[26] *Id.*

[27] *Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89, 99 (1984).

[28] *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

[29] *West v. Atkins*, 487 U.S. 42, 48 (1988).

arm of the state, nor state officials acting in their official capacity are persons within the meaning of Section 1983.[30]

Here, the State of Utah is not a person for purposes of Section 1983 and thus the Clines' claims against the State of Utah are barred by the Eleventh Amendment. Further, the Clines' claims against Diane Moore and Cydney Vail were brought against them in their official capacities[31] and are also barred by the Eleventh Amendment.[32] The Clines' attempt to salvage their claims from the Eleventh Amendment's protections by characterizing them as requests for injunctive relief rather than monetary damages.[33] The Clines' correctly note that the Eleventh Amendment permits claims for injunctive relief, but their argument fails to appreciate that claims must be prospective because "retrospective declaratory relief are barred by the Eleventh Amendment."[34] The vast majority of the Clines' claims are for money damages or retrospective declaratory relief.[35] The Clines' remaining claims could be liberally construed as claims for injunctive relief. These claims, however, contain conclusory allegations that the State is violating federal law, or are unsupported by factual allegations.[36] These conclusory claims do not show how the State violates federal law and they too are barred by the Eleventh Amendment.

---

[30] *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 62 (1989); *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995).

[31] *See* Docket No. 1-3, ¶¶ 5-6.

[32] *See Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("when a suit is brought against state officials in their official capacities, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment.").

[33] *See* Docket No. 35, at 18.

[34] *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[35] *See, e.g.*, Docket No. 1-3, at 23–26.

[36] *See, e.g.*, *id.* at 24 (requesting that the Court order Utah's "protective order definition of abuse needs . . . tightened up"); *Id.* at 25 (requesting that the Court order the State of Utah to

3.   No Allegations of State Actor Wrongdoing

A thorough review of the Clines' complaint reveals no allegations of wrongdoing by Utah

Attorney General Sean Reyes. In the seminal case, *Ashcroft v. Iqbal*, the Supreme Court stated that

in Section 1983 suits a plaintiff "must plead that each Government-official defendant, through his

individual actions, has violated the Constitution."[37] In State Defendant's Motion, they asserted that

the Clines failed to make any allegations regarding Defendant Reyes. The Clines failed to address

this argument in their reply and have thereby waived any arguments against dismissing Defendant

Reyes.

## IV. CONCLUSION

It is therefore

ORDERED that State Defendant's Motion to Dismiss (Docket No. 34) is GRANTED. It

is further

ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 48) is DENIED.

DATED April 16, 2020

BY THE COURT:

Ted Stewart
United States District Judge

---

"clean up the DCFS system so that any finding of abuse needs to be consistent with state statute
definition of abuse.").

[37] *Iqbal*, 556 U.S. at 676.