IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EARL L. CLINE, II, and JANET CLINE, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF UTAH, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br><br> Case No. 2:19-CV-602 TS-CMR <br><br> District Judge Ted Stewart |

This matter is before the Court on Motions to Dismiss filed by Defendants Julie McPhie, Sharon Packer, Sandy City Police Department, and Evan Keller.  In addition, Plaintiffs have filed a Motion for Default Judgment and a Motion for the Court to Allow Service on Defendant McPhie by the Clerk.  Additionally, Defendant McPhie has filed a Motion for Sanctions.  For the reasons discussed below, the Court will grant the Motions to Dismiss and deny the remaining Motions.

## I.  BACKGROUND

This matter revolves around an ongoing dispute between Plaintiff Earl L. Cline, II and his ex-wife Julie McPhie.  Plaintiffs now bring this federal action against McPhie, her mother Sharon Packer, and the Sandy City Police Department and one of its officers, Evan Keller. Defendants have all moved for dismissal.[1]

---

[1] The Court previously granted a motion from the State Defendants for dismissal.  *See* Docket No. 50.

1

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[2]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

## III.  DISCUSSION

A.     MOTION FOR DEFAULT JUDGMENT

Before reaching the merits of the Motions to Dismiss, the Court must decide Plaintiffs'

Motion for Default Judgment as to Defendants Sandy City and Evan Keller.  "The procedure for

obtaining a default judgment under Fed. R. Civ. P. 55 is a two-step process: (a) entry of default

by the clerk pursuant to Fed. R. Civ. P. 55(a); and (b) entry of default judgment."[8]  Plaintiffs

have not obtained a default from the Clerk, nor could they.

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default."  Defendants have

filed a Motion to Dismiss under Rule 12(b)(6).  The filing of such a motion is sufficient to

"otherwise defend" under Rule 55(a).[9]  Therefore, Plaintiffs are not entitled to a default

certificate and cannot obtain default judgment.

Plaintiffs nevertheless argue that since Defendants' Motion to Dismiss did not address all

of Plaintiffs' claims, they are entitled to default judgment.  The Court disagrees.  The Motion to

Dismiss addressed those claims that appeared to be asserted against these Defendants.  While

Plaintiffs have now clarified that their conspiracy claim under 42 U.S.C. § 1983 is asserted

against all Defendants, that is not clear from the face of the Amended Complaint.  The Court will

not hold Plaintiffs' lack of clarity against Defendants.

---

[8] DUCivR 55-1.

[9] *See Meyer v. Wells Fargo Bank, N.A.*, Case No. 15-12503, 2015 WL 7733454, at *5
(E.D. Mich. Dec. 1, 2015).

B.      McPHIE and PACKER

Federal courts are courts of limited jurisdiction.[10]  The Court has the authority to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[11]

Plaintiffs and Defendants McPhie and Packer are all citizens of Utah.  Therefore, diversity jurisdiction does not apply.  Plaintiffs attempt to invoke federal question jurisdiction by citing to several federal statutes.[12]  Plaintiffs cite to 42 U.S.C. §§ 1981 and 1983.  Both of these statutes require that the defendant be acting under color of state law.  Plaintiffs make conclusory allegations that Defendants McPhie and Packer were acting under color of state law.  However, the allegations in the Amended Complaint make clear that they are private citizens.  Therefore, these claims fail.

Plaintiffs also cite to 42 U.S.C. § 1985 and 1986.  To state § 1985 claim, a plaintiff must allege a conspiracy of two or more persons aimed at either preventing a federal officer from performing his duties (§ 1985(1)); intimidating a party, witness, or juror involved in a case (§ 1985(2)); obstructing justice to deny a person equal protection of the laws (§ 1985(2)), or depriving a person of his rights and privileges to deny him equal protection of the laws (§ 1985(3)).[13]  For the last two categories, a plaintiff must allege a "racial, or perhaps otherwise

---

[10] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[11] 28 U.S.C. §§ 1331, 1332.

[12] Docket No. 36 ¶ 49.

[13] 42 U.S.C. § 1985.

class-based, invidiously discriminatory animus behind the conspirator's action."[14] Though not clear, Plaintiffs' claim appears to be premised on the first portion of § 1985(2).

The elements of a deterrence claim under section 1985(2) are: (1) a conspiracy; (2) to deter testimony by force or intimidation; and (3) injury to the plaintiff.[15] Plaintiffs make only conclusory allegations of a conspiracy, which are insufficient.[16] Therefore, this claim fails. Without a valid claim under § 1985, Plaintiffs' § 1986 claim similarly fails.[17]

Plaintiffs also cite to 18 U.S.C. §§ 1581 and 1589. Section 1581 criminalizes holding someone in debtors servitude. Section 1589 concerns forced labor. Plaintiffs have failed to adequately allege facts that would support a cause of action under either provision.

Finally, Plaintiffs cite 42 U.S.C. § 667. This provision requires states develop guidelines for child support payments. However, it does not provide Plaintiffs a private right of action.[18]

Based upon the above, the Court finds that Defendants have failed to plead any cognizable federal claims against Defendants McPhie and Packer and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against them. The Tenth Circuit has suggested "[w]hen all federal claims have been dismissed, the court may, and

---

[14] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (§ 1985(3)); S*mith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) (§ 1985(2)).

[15] *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994).

[16] *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010).

[17] *Drake v. City of Fort Collins*, 927 F.2d 1156 (10th Cir. 1991).

[18] *See Blackston v. Alabama*, 30 F.3d 117, 119 (11th Cir.1994) (affirming district court's conclusion that "42 U.S.C. § 667 (1988) did not create a right enforceable by the plaintiffs in federal court")

usually should, decline to exercise jurisdiction over any remaining state claims."[19] Having

considered the relevant factors,[20] the Court will decline to exercise its discretion over Plaintiffs'

remaining state-law claims and will dismiss them without prejudice.  This renders moot

Plaintiffs' Motion requesting the Clerk serve future filings on Defendant McPhie and it will be

denied as such.

C.      SANDY CITY POLICE DEPARTMENT AND KELLER

Defendants Sandy City Police Department and Evan Keller seek dismissal of Plaintiffs'

state-law claims based on Plaintiffs' alleged failure to comply with the notice requirement

contained in the Governmental Immunity Act of Utah.  Utah Code Ann. § 63G-7-401(2)

provides:

> Any person having a claim against a governmental entity, or against the
> governmental entity's employee for an act or omission occurring during the
> performance of the employee's duties, within the scope of employment, or under
> color of authority shall file a written notice of claim with the entity before
> maintaining an action, regardless of whether or not the function giving rise to the
> claim is characterized as governmental.

Relevant here, when the entity is a city, the statute directs that service be made upon the

city clerk.[21]  Alternatively, a claimant may serve the agent authorized by the city to accept

---

[19] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

[20] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

[21] Utah Code Ann. § 63G-7-401(3)(b)(ii)(A).

service.[22]  Strict compliance with the notice provision is required.[23]  "[A]ctual notice of a claim by a governmental entity does not absolve a party of its duty to strictly comply with the Act.  On the contrary, '[c]ompliance with the statute is the determining issue, not actual notice.'"[24]

In their Opposition to the Motion to Dismiss, Plaintiffs assert that they complied with the notice requirements because they sent notice to the Utah Attorney General, Officer Keller, and the Mayor of Sandy City.  None of these individuals is the city clerk or the agent authorized by the city to accept service under the Governmental Immunity Act.  Therefore, Plaintiffs' state-law claims are subject to dismissal.

Though less than clear from the Amended Complaint, Plaintiffs' Opposition states that Plaintiffs are asserting a conspiracy claim under § 1983 against all Defendants.  However, as stated, Plaintiffs have only set forth conclusory allegations with respect to their conspiracy claim.  "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."[25]  Therefore, the Court will dismiss that claim against these Defendants.

D.      MOTION FOR SANCTIONS

Defendant McPhie has filed a Motion seeking dismissal, for sanctions, for a monetary award, and to find Plaintiff Earl Cline a vexatious litigant.  The Court will dismiss Plaintiffs' claims as discussed above.  Therefore, the Court need not further address Defendant's arguments.  Additionally, Defendant has not provided a basis for a monetary award.

---

[22] *Id.* § 63G-7-401(3)(b)(ii)(G); *see also id.* § 63G-7-401(3)(a).

[23] *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1103 (D. Utah 1998).

[24] *Wheeler v. McPherson*, 40 P.3d 632, 637 (Utah 2002) (quoting *Greene v. Utah Transit Auth.*, 37 P.3d 1156, 1159 (Utah 2001)) (second alteration in original) (citations omitted).

[25] *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).

Defendant seeks sanctions under Federal Rule of Civil Procedure 11.  Rule 11(c)(2) provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  The Tenth Circuit has held that it is an abuse of discretion for a court to grant Rule 11 sanctions where a defendant has failed to comply with the requirements of the rule.[26]  Here, Defendant's request for sanctions does not comply with the procedural requirements for a motion under Rule 11.  Therefore, it must be denied.

Finally, Defendant asks that Plaintiff Earl Cline be deemed a vexatious litigant.  While the Court is certainly sympathetic to Ms. McPhie's argument, the Court declines to do so at this time.  However, the Court warns Plaintiffs that future litigation of this nature could result in sanctions.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 40, 42, and 43) are GRANTED.  It is further

ORDERED that the remaining Motions (Docket Nos. 15, 49, and 52) are DENIED.

---

[26] *Roth v. Green*, 466 F.3d 1179, 1191–92 (10th Cir. 2006).

DATED this 13th day of May, 2020.

BY THE COURT:

Ted Stewart
United States District Judge